# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM GUNN, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:19CV3129 HEA |
| ) | |
| PROSPECTS DM, LLC, *et al.*, ) ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM, AND ORDER

This Telephone Consumer Protection Act, 47 U.S.C.§ 227 et seq. ("TCPA") matter is before the Court on the motion to dismiss for lack of personal jurisdiction of Defendants ICOT Hearing Systems, LLC, and ICOT Holdings, LLC (collectively, "ICOT")., [Doc. No 9]. Plaintiff has responded, Defendant has replied, and this motion is ripe for adjudication. For the reasons set forth below, Defendants' motion is **DENIED**.

### Facts and Background

Plaintiff alleges that he received numerous unsolicited phone calls in St. Louis, Missouri, from Prospects DM ("PDM") on behalf of "Listen Clear," the trade name of Defendant ICOT Hearing Systems, LLC. In response to these calls, he filed suit under the TCPA against both PDM and the entities associated with Listen Clear, ICOT.

ICOT contends that it never directed any conduct toward the state of Missouri. Rather, it contracted with PDM to provide direct marketing for its sales of hearing aids and hearing aid equipment. ICOT claims that this contract and its relationship with PDM did not create an agency relationship, and that therefore ICOT is not liable for Prospect DM's actions. ICOT further claims that pursuant to this contract, PDM would only place calls lawfully to persons who consented to be called. ICOT relies specifically on a contract provision wherein PDM agreed both to provide verification upon request by ICOT of its consent to call, and on a provision against telemarketing in violation of any federal or state law.

## Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, the Plaintiff need only make a *prima facie* showing of jurisdiction. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). The "Plaintiff must state sufficient facts in the complaint to support a reasonable inference that Defendants may be subjected to jurisdiction in the forum state." *Id*. "Once jurisdiction has been controverted or denied, the Plaintiff has the burden of proving such facts." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004).

However, when the court evaluates a Rule 12(b)(2) motion after some jurisdictional discovery but without an evidentiary hearing to resolve disputed issues of fact, the Plaintiff generally needs only to make a *prima facie* showing that

jurisdiction exists. *See Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 646–47 (8th Cir.2003)("While the Plaintiffs bear the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing."). The jurisdictional facts in this matter are disputed and there has been no evidentiary hearing, so the *prima facie* standard applies.

## Discussion

ICOT argues that in light of the pleadings, affidavits, and other exhibits, Plaintiff has not shown that ICOT directed conduct toward Missouri necessary to establish minimum contacts, and that Plaintiff has not shown an agency relationship between ICOT and PDM. For the reasons set forth below, the Court finds a *prima facie* showing that jurisdiction exists over ICOT based on vicarious liability for PDM's conduct directed at the state.

**The Agency Relationship Between PDM and ICOT**

"Agency is the fiduciary relationship resulting from the manifestation of consent by an agent to a principal that the agent will act on the principal's behalf and subject to his control." *Bach v. Winfield-Foley Fire Prot. Dist.*, 357 S.W.3d 605, 608 (Mo. 2008). The Supreme Court of the United States noted:

> [T]he Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations. The Ninth Circuit deferred to that ruling, 768 F.3d, at 878, and we have no cause to question it.

*Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 674 (2016) (citing *In Re Joint Petition filed by Dish Network, LLC, et al.*, 28 F.C.C.R. 6574, 2013 WL 1934349

3

(F.C.C. May 9, 2013) ("F.C.C. Ruling"). This Court, similarly, will look to the F.C.C. Ruling for guidance.

According to the F.C.C., a formal agency relationship is not required to establish a seller's vicarious liability for the illegal acts of a third-party telemarketer under the TCPA; Plaintiffs can also employ principles of apparent authority or ratification in pursuing TCPA claims. F.C.C. Ruling at 6586-87. In its ruling, the F.C.C. provided "illustrative examples" of evidence that could demonstrate that a telemarketer is the seller's "authorized representative with apparent authority to make the seller vicariously liable" for violations of the TCPA. F.C.C. Ruling at 6592. These examples include, among others: (1) detailed information regarding the nature and pricing of the seller's products and services; (2) the ability by the outside sales entity to enter consumer information into the seller's sales or customer systems; (3) the authority to use the seller's trade name, trademark, and service mark. *Id.* The ruling further points out that "[i]t may also be persuasive that the seller approved, wrote, or reviewed the outside entity's telemarking scripts." *Id.* Further, the F.C.C. guided:

> a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take *effective steps* within its power to force the telemarketer to cease that conduct.

 *Id.* (emphasis added).

4

Though this matter is in the early stages, the relationship between ICOT and PDM matches several of these illustrative examples.  According to the agreement between the two parties, [Doc. No. 9-2 "Agreement"], Prospects was hired to "mak[e] outbound calls to sell two hearing aid products," and the Agreement continues to list specific allowable pricing schemes and trial periods. The Agreement requires PDM to engage in various practices including call recording, quality assurance, record retention, and complaint processing. It further sets forth limited circumstances under which PDM is to not communicate on its behalf. This inclusion implies, against ICOT's current argument and along with Plaintiff's claim, that PDM was authorized to use ICOT's trade name in its sales calls. Additionally, the Agreement gives PDM the obligation to develop its sales script "in coordination with" ICOT, and it gives ICOT the right to "review and disapprove any script, talking points, training materials, strategy, or other program component." [Doc. No. 9-2 p.2].

Plaintiff has further alleged, and Defendant ICOT has not successfully rebutted, that he spoke with ICOT representatives about PDM's incessant telephone calls and asked ICOT to put him on a "do not call" list. This gave ICOT either knowledge or reason to know that PDM was not adhering to the TCPA, and knowledge that ICOT's steps to force PDM to stop were not effective. *See* F.C.C. Ruling at 6592.

Given Plaintiff's affidavit regarding his communications with ICOT and PDM's representatives and ICOT's contractual control over the operations of PDM on its behalf, the Court finds that Plaintiff has at least made the *prima facie* showing that PDM had the apparent authority to act as ICOT's agent in its marketing calls. Therefore, under a theory of vicarious liability, the Court may exercise personal jurisdiction over ICOT at this early stage if it may exercise personal jurisdiction over PDM. *See Campbell-Ewald Co.*, 136 S.Ct. at 674.

**Personal Jurisdiction**

ICOT does not dispute that the Court has personal jurisdiction over PDM, but the Court will complete its analysis. In a federal question matter such as this one, the court may exercise jurisdiction over a Defendant only to the extent permitted by (1) the forum state's long-arm statute; and (2) the Due Process Clause. *See Enter. Rent–A–Car Co. v. U–Haul Int'l, Inc.*, 327 F.Supp.2d 1032, 1036 (E.D.Mo.2004). The Eighth Circuit has cautioned that these two questions should be evaluated separately. *Dairy Farmers of America, Inc. v. Bassett & Walker Intern., Inc.*, 702 F.3d 472, 475-476 (8th Cir. 2012).

The Missouri Supreme Court has held that the legislature intended the Missouri long-arm statute to be coextensive with the Due Process Clause of the Fourteenth Amendment for acts within its enumerated categories. *See State ex. rel. Metal Serv. Ctr. Of Ga., Inc. v. Gaertner*, 677 S.W. 2d 325, 327 (Mo. Banc 1984).

The transaction of any business within the state by any person or that person's agent, alleged here, is the first category listed in Missouri's long-arm statute. *See* Mo. Rev. Stat. §506.500.1(1). "A person or firm transacts business by visiting Missouri or sending its product or advertising here." *Dairy Farmers*, 702 F.3d at 476. Further, Missouri courts have interpreted the "tortious act" prong to include extraterritorial acts "that produce consequences in the state." *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 232 (Mo. 2010).

"Due process requires that a Defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir. 2012) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Although "[e]ach Defendant's contacts with the forum State must be assessed individually," *Calder v. Jones*, 465 U.S. 783, 790 (1984), "[n]aturally, the parties' relationships with each other may be significant in evaluating their ties to the forum," *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Minimum contacts between the Defendant and the forum state may establish that a court has either general jurisdiction or specific jurisdiction. *Id.* Plaintiff alleges that the Court has specific jurisdiction over Defendants. The exercise of specific jurisdiction is permissible "if a Defendant purposefully directs its activities at residents of the forum state, and the litigation results from alleged injuries that

7

'arise out of or relate to' those activities[.]" *Myers*, 689 F.3d at 912 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

The Eighth Circuit tests a Defendant's contacts with the forum state using five factors, which are: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *See Land-O-Nod v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). The court looks at all of these factors and examines the totality of the circumstances. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

In this matter, Plaintiff's affidavit states that he received hundreds of unsolicited phone calls from PDM and ICOT seeking sales for ICOT while he resided in Missouri. These calls into Missouri are the foundation of Plaintiff's cause of action under the TCPA and Missouri's unfair or deceptive acts and practices statute. As to the two final factors, Plaintiff has alleged that Defendants sent hundreds of calls into Missouri to himself and various potential class members. Missouri "obviously has an interest in providing a forum" for its residents. *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 595 (8th Cir. 2011). Plaintiff has alleged and Defendants have not rebutted that this forum will not inconvenience the Defendants.

8

## Conclusion

Based upon the foregoing analysis, taking as true all uncontroverted allegations and resolving all factual conflicts in the Plaintiff's favor, Plaintiff has presented a *prima facie* case that ICOT is subject to personal jurisdiction. ICOT's contacts with Missouri through PDM are not so random, attenuated, or fortuitous that it could not reasonably expect to be haled into court in Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of personal jurisdiction of Defendants ICOT Hearing Systems, LLC, and ICOT Holdings, LLC, [Doc. No 9], is **DENIED**.

Dated this 1st day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE