# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GUNN, individually and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 4:19-cv-03129-HEA |
| Prospects DM, LLC, & ICOT HEARING SYSTEMS LLC d/b/a, LISTENCLEAR & ICOT HOLDINGS, LLC, et. al. | ) ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| ICOT HOLDINGS, LLC, | ) ) | |
| Third-Party Plaintiff/Counter-Defendant, | ) ) | |
| vs. | ) ) | Case No.: 4:19-cv-03129-HEA |
| Prospects DM, INC. | ) ) | |
| Third- Party Defendant/Counter-Claimant. | ) ) | |

### PLAINTIFF'S SUR-REPLY TO DEFENDANT ICOT HEARING SYSTEMS, LLC's AND DEFENDANT ICOT HOLDINGS, LLC'S REPLY BRIEF TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY PROCEEDINGS

COMES NOW, Plaintiff William Gunn, by and through the undersigned counsel, and for

his sur-reply to Defendant ICOT Hearing Systems, LLC and ICOT Holdings, LLC (collectively,

"ICOT")'s Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or

in the Alternative to Stay Proceedings, states to the Court as follows:

### INTRODUCTION

After Plaintiff filed his Complaint on November 21, 2019 alleging both violations of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq., ("TCPA") and Missouri

Merchandising Practices Act, ("MMPA"), ICOT filed a Motion to Dismiss. After that was denied by this Court, ICOT then added Prospects DM, Inc. ("PDM") as a Third-Party Defendant. Plaintiff has been required to wait months for the parties to assert all of their claims against each other to proceed into the substantive issues of this matter.

ICOT then filed another Motion to Dismiss, this time under the misguided belief that the TCPA was declared entirely unconstitutional from 2015 to 2020. This is false. Defendant also has attempted to stay the proceedings, despite Plaintiff having already endured a year of stalling tactics and delays. ICOT filed a Reply to Plaintiff's Memorandum in Opposition to Plaintiff's Complaint on December 15, 2020. Plaintiff, pursuant to Local Rule 4.01(C), has requested leave to file this Sur-Reply to address the additional issues raised by Defendant's Reply, in addition to addressing recent District Court Orders that had not been released at the time Plaintiff filed his Memorandum in Opposition to ICOT's Motion to Dismiss.

## ARGUMENTS AND AUTHORITIES

### A. *Shen v. TriColor* shows that *AAPC*'s ruling as to severability applies retroactively.

In an Order released on December 17, 2020, the court issued a ruling regarding the same issues presently before this Court. There, the calls received by the plaintiff were all within the time period from 2015-June 2020, the same time period that the Defendant here claims has left consumers unprotected.

The court began by explaining that a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) is for cases where the "alleged claim under the constitution or federal statutes clearly appears to be immaterial and . . . wholly insubstantial and frivolous *Shen v. Tricolor California Auto Group, LLC*, No. CV 20-7419 PA (ARGx), ECF Doc. 35, (C.D. Cal. Dec. 17, 2020) citing *Bell v. Hoo*d, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The court asserted that a complaint premised on

the TCPA is neither immaterial nor frivolous. *Shen v. Tricolor California Auto Group, LLC*, No. CV 20-7419 PA, ECF Doc. 35 (C.D. Cal. Dec. 17, 2020). The court proceeded under the notion that the Motion served as Motion to Dismiss under 12(b)(6) rather than 12(b)(1). *Id.*

The court continued to analyze the arguments by explaining *Creasy*, *Lindenbaum*, and *Hussai*n. *Id.* It asserted, that "This Court, like several others to have considered the issue, **declines to adopt an analysis that appears to be at odds with the views of a majority of the Supreme Court's Justices and the Ninth Circuit.**" *Id*. citing *Abramson v. Federal Ins. Co*., CV 8:19-2523 (M.D. Fla. Dec. 11, 2020) ("Although Federal Insurance cites two cases supporting its arguments, the vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*."); *Buchanan v. Sullivan*, CV 8:20-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020)("The Supreme Court ruled favorably on the constitutionality of the TCPA provisions at issue here, noting '[a] generally applicable robocall restriction would be permissible under the First Amendment.'"); *Burton v. Fundmerica, Inc.*, CV 8:19-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020) (The Supreme Court held last month in *Barr* that one of the exceptions to this general prohibition . . . violated the First Amendment, but that it was severable from the TCPA as a whole – so the provision on which the plaintiff's claim relies survived.").

The court continued to state that, "the tail (one unconstitutional provision) does not wag the dog (the rest of the codified statute or the Act passed by Congress.)" *Id.* The court denied the defendant's motion on the basis that the plaintiff's complaint, "which is based on the parts of the TPCA that were enacted in 1991 and have survived a constitutional challenge, **states a viable claim over with the Court possess subject matter jurisdiction**." *Id.* (emphasis added). Just like

3

*Shen*, the issues here are based solely on the parts of the TCPA that were enacted in 1991 and have survived a constitutional challenge, giving this Court subject matter jurisdiction over the issues.

**B.  The TCPA was constitutional during the time period when Defendants called Plaintiff as only one severable portion was unconstitutional.**

Defendant again attempts to insist that the entire TCPA was unconstitutional, relying on *Creasy*, *Lindenbaum*, and now *Hussain*. *Hussain* blindly relies on the *Creasy* and *Lindenbaum* Court which failed to acknowledge that a majority of Justices agreed with respect to severability in the TCPA.

Seven of the nine Supreme Court justices agreed as to severability of the unconstitutional provision of law. Chief Justice Roberts and Justice Alito, who joined in Justice Kavanaugh's plurality opinion; Justice Sotomayor, who disagreed with the application of strict scrutiny but agreed that the government-debt exception was severable, *AAPC*, 140 S. Ct. at 2357; and Justice Breyer, joined by Justices Ginsburg and Kagan, who would have held the government-debt exception was constitutional but "concur[red] in the judgment with respect to severability," *id.*, at 2363. So, the severability provision is controlling law. The unconstitutional portion was removed with precision so not to disturb an otherwise constitutional statute.

**C.  The severability provision applies retroactively.**

Severability principals are rooted in the concept that an entire statute should not be destroyed due to one unnecessary portion that can be removed. It follows that the reasoning for severing the provision rather than overturning the entire law is so that all present matters may still proceed.

For example, in *United States v. Melis*, the defendants challenged their convictions under the Anti-Riot Act on the grounds that statute is facially overbroad under the Free Speech Clause

4

of the First Amendment. 972 F.3d 518, 525 (4th Cir. 2020). The Fourth Circuit held that it was unconstitutionally overbroad, but that the "overbroad portions of the statute are severable from the constitutionally valid remainder." *Id.* at 541. The court held that the overly broad language, "the last phrase of § 2102(b)," is "easily dropped off from the rest of the clause in which it appears, much like the government-debt exception severed in *Barr.*" *Id.* at 542. The court noted that *Barr* and other cases "illustrate just how 'surgical' we ought to be in severing unconstitutional language from an otherwise inoffensive statute." *Id.* The defendants argued that their convictions should be overturned because their indictments were "premised on a conspiracy to violate the statute as a whole" but the Fourth Circuit rejected that argument, reasoning that that "**because the defendants' substantive offense conduct falls under the statute's surviving purposes, their convictions must stand.**" *Id.* at 546-47. (emphasis added). The same is true in this case. If a TCPA defendant's conduct falls within the part of the robocall ban that is constitutional, the defendant should still be liable regardless of when the violations occurred.

Additionally, The Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), is also instructive. In *Sebelius*, the Supreme Court held that a provision of the Affordable Care Act that permitted the Secretary of Health and Human Services to "withhold all further [Medicaid] payments … to the state if she determines that the State is out of compliance with any Medicaid requirement" was unconstitutional. *Id.* at 585 (emphasis and internal quotations removed). The Supreme Court cured this unconstitutional provision by severing it from the statute, rather than striking down the entire Affordable Care Act.[1] *Id.* at 588 ("The remedy for that constitutional violation is to preclude the Federal Government

---

[1] Like the TCPA, the Affordable Care Act has a severability clause. *Id.* at 586 ("The chapter of the United States Code that contains § 1396c includes a severability clause confirming that we need go no further.").

from imposing such a sanction. That remedy does not require striking down other portions of the Affordable Care Act."). In so ruling, the Supreme Court did *not* hold that the Affordable Care Act was unconstitutional prior to severing this provision. In fact, the Supreme Court explicitly stated that "[t]oday's holding does not affect the continued application of § 1396c to the existing Medicaid program." *Id.* at 586.

Moreover, In *Seila Law LLC v. Consumer Financial Protection Bureau*, the Supreme Court held that the CFPB's leadership by a single individual removable only for inefficiency, neglect, or malfeasance violated the separation of powers, rendering the director's decisions invalid. 140 S. Ct. 2183, 2197 (2020). The Court held the proper remedy was to sever the "for cause" provision. *Id.* at 2192 ("We go on to hold that the CFPB Director's removal protection is severable from the other statutory provisions bearing on the CFPB's authority."). But the Court noted that **related provisions that formed the CFPB's structure and decision-making process *were not* retroactively unconstitutional**. *Id.* at 2211 (The provisions of the Dodd-Frank Act bearing on the CFPB's structure and duties remain fully operative without the offending tenure restriction. Those provisions are capable of functioning independently, and there is nothing in the text or history of the Dodd-Frank Act that demonstrates Congress would have preferred *no* CFPB to a CFPB supervised by the President.").

Defendant attempts to parse out a difference between a majority of Justices agreeing to severability and the actual severability principals that are longstanding in this country. Courts make a habit of applying a newly severed principal retroactively. *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 751-52 (1995) (Supreme Court decision holding Ohio tolling law unconstitutional **must be given retroactive effect**); *Leonard v. Robinson*, 477 F.3d 347, 358-59 (6th Cir. 2007) (no probable cause for arrest for violation of Michigan statute prohibiting obscenities in the presence

of women or children that legislature had declared unconstitutionally vague); *U.S. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) (recognizing that "once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)" but "Baucum's **belated assertion of a constitutional defect does not work to divest that court of its original jurisdiction to try him for a violation of the law at issue**"); *Waldron v. U.S.*, 146 F.2d 145, 146-148 (6th Cir. 1944) (remanding with directions to vacate conviction of defendant who pleaded guilty to violating a statute that had subsequently been declared unconstitutional).

Defendant tries to argue that the severed provision may only apply going forward, yet ignores the longstanding history of applying severed provisions retroactively to include all matters presently before the Court. Thus, the TCPA provisions not deemed unconstitutional from 2015 to 2020 are still valid law as they apply to that time period.

**D.  The AAPC Ruling is in line with the Ninth Circuit's analysis in *Duguid* relating to severability.**

The Supreme Court issued its ruling in *AAPC* matter on July 6, 2020. Only after that, on July 9, 2020 the Court agreed to hear argument on the *Duguid* matter. The *Duguid* complaint extends to calls through April 22, 2016. *Duguid v. Facebook, Inc.*, No.4:16-cv-02266-JST, ECF Doc. 53 (N.D. Cal. April 22, 2016). The Ninth Circuit in *Duguid* stated very clearly that the government debt-collection standard was unconstitutional, but that it was severable. *Duguid v. Facebook, Inc., and United States of America*, No. 17-15320, (9th Cir. June 13, 2019).

The 9th Circuit noted that Congressional intent is the touchstone of severability analysis, and that Congress specifically concluded in drafting the TCPA that if any provision of this Chapter is held invalid, that the remainder shall not be affected. *Id.* The Court then reversed the dismissal

– thereby affirming that the TCPA severability applied retroactively to the calls made between 2015-2016. *Id.* ("We reject Facebook's challenged that the TCPA as a whole is facially unconstitutional, but we sever the debt-collection exemption as violative of the First Amendment. We reverse the dismissal of Duguid's amended complaint and remand for further proceedings.")

If the Ninth Circuit had intended the severability to only apply prospectively, it would have had to affirm the dismissal of any calls made after the government debt exception was added to the TCPA. The Supreme Court allowed hearing on the case yet refused to hear arguments regarding the severability and constitutionality, meaning this Ninth Circuit ruling stands as to severability. The refusal to hear this question on appeal while hearing others implies the tacit consent of the Supreme Court. If the Supreme Court had intended severability to only apply prospectively, it would have overturned the improper ruling of the Ninth Circuit rather than allow it to stand while granting certiorari in the same case.

Defendant relies on *Hussain*, yet this Order does not address the Ninth's Circuit ruling in favor or retroactive application of severability and instead only reviews *Creasy* and *Lindenbaum* – which as Plaintiff as already stated in his Response, are a misrepresentation of the *Barr* Ruling.

**E.   Defendant still has not shown that Facebook will be dispositive.**

Dispositive means to decide a matter **finally**. Cambridge Advanced Learner's Dictionary & Thesaurus, Cambridge University Press 2020, https://dictionary.cambridge.org/us/dictionary/english/dispositive (last visited December 21, 2020) (emphasis added). In order for *Duguid* to be dispositive, it must conclusively determine the outcome of the matter here. Regardless of the definition determined by the Supreme Court as to what constitutes an auto-dialer, the case must proceed. Defendant has not proven or even claimed that the system used to harass Plaintiff falls outside of the narrow scope presented to the Supreme Court by Facebook. Regardless of the

8

Supreme Court ruling, discovery must be conducted. Plaintiff will still require all information on the systems used by Defendant, the policies and procedures used by Defendant, and will need to depose the individuals that spoke to Defendant. A stay in this case would do nothing more than delay the inevitable.

Even if the *Duguid* ruling were to limit the scope of an auto-dialer, the Defendant would still have to provide all necessary evidence relating to the equipment at issue to address that element of the TCPA.

Defendant continually states the issues may be rendered moot yet does not present any facts or evidence as to the system it used. Defendant attempts only to delay the matter to avoid a judgment against it. If Plaintiff has to wait six more months to engage in discovery, then it could be nine additional months before Plaintiff is able to take a meaningful deposition of the individuals that called Plaintiff. There is no telling what testimonial evidence will be lost in this time. Defendants delay also would provide ample time for information to be destroyed "in the course of business" preventing Plaintiff from seeing relevant evidence, while providing ICOT with a defense to spoliation.

<u>**CONCLUSION**</u>

Defendant continues to misstate *Barr* using appealable Orders that are mistaken as to the principles of severability and those that determine controlling law. Defendant wishes to delay this case under a guise of claiming *Duguid* will be dispositive, when in reality, the case must continue regardless of this ruling.

WHEREFORE, Plaintiff respectfully requests this Court deny Defendants Motion to Dismiss, and Deny Defendants Motion to Stay, and for all such other relief this Court deem just and proper.

Dated: December 22, 2020.


Respectfully Submitted,

**HALVORSEN KLOTE**

By:     /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
greg@hklawstl.com
*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

       I, Samantha J. Orlowski certify that on the 22nd of December 2020, I sent the foregoing document via this Court's e-filing system to the following counsel of record:

Helen Mac Murray
Lisa Messner
Christohper C. Wager
Mac Murray and Schuster, LLP
6525 West Oval Campus, Suite 210
New Albany, OH 43054
Email: hmacmurray@mslawgroup.com
Email: lmessner@mslawgroup.com
Email: cwager@mslawgroup.com

Patrick T. McLaughlin
Spencer Fane LLP - St Louis
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Email: pmclaughlin@spencerfane.com


/s/ Samantha J. Orlowski