UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GUNN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PROSPECTS DM, LLC, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 4:19CV3129 HEA |

## OPINION, MEMORANDUM, AND ORDER

This Telephone Consumer Protection Act, 47 U.S.C.§ 227 et seq. ("TCPA") matter is before the Court on the motion to dismiss for lack of subject matter jurisdiction or in the alternative motion to stay proceedings filed by Defendants ICOT Hearing Systems, LLC, and ICOT Holdings, LLC (collectively, "ICOT"), [Doc. No 38]. Plaintiff has responded, Defendant has replied, and Plaintiff has filed a sur-reply with leave of court. This motion is ripe for adjudication. For the reasons set forth below, Defendants' motion to dismiss is denied. The alternative motion to stay is denied as moot.

### Facts and Background

Plaintiff alleges that he received numerous unsolicited phone calls in St. Louis, Missouri, from Prospects DM ("PDM") on behalf of "Listen Clear," the trade name of Defendant ICOT Hearing Systems, LLC. In response to these calls,

he filed suit under the TCPA against both PDM and the entities associated with Listen Clear, ICOT. PDM has subsequently been dismissed.

Specifically, Plaintiff alleges Defendants violated § 227(b)(1)(A)(iii) of the TCPA by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice, without their prior express consent. In Plaintiff's case, he alleges 150 calls were made to his personal telephone line beginning in March 2019 using an artificial or prerecorded voice without his prior express written consent.

Defendants move to dismiss pursuant to Rule 12(b)(1), arguing this Court lacks subject-matter jurisdiction over Plaintiff's claims because the TCPA provision at issue, § 227(b)(1)(A)(iii), was unconstitutional at the time it allegedly called Plaintiff, based upon the Supreme Court's recent decision in *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("AAPC"). Alternatively, Defendants move to Stay pending a ruling in *Facebook, Inc. v Duguid*, 141 S. Ct. 1163, 1167 (2021).

**Standard of Review**

A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action. In deciding a Rule 12(b)(1) motion, a district court is required to distinguish between a facial attack and a factual attack. *Croyle*

*by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018); *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks and citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a factual attack, the Court "may look outside the pleadings to affidavits or other documents." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). This does not convert the Rule 12(b)(1) motion into one for summary judgment, however. *Id.* (citation omitted). Instead, the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence. *Id.* Further, Plaintiff bears the burden of proving jurisdiction exists. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)*; Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (citation omitted). Because Defendants challenge this Court's jurisdiction based on the allegations in the complaint, the Court accepts Plaintiff's allegations as true.

## Discussion

**Subject Matter Jurisdiction**

In *AAPC*, the Supreme Court held that the "government-debt exception," which permitted robocalls "solely to collect a debt owed to or guaranteed by the United States" while leaving robocalls involving other types of content subject to

3

the TCPA's prohibitions, resulted in an unconstitutional content-based restriction on free speech. 140 S. Ct. at 2347. The Court did not invalidate the entire statute. Rather, it held that the invalid government-debt exception could be severed from the statute. *Id.* at 2356 ("We hold that the 2015 government-debt exception added an unconstitutional exception to the law. We cure that constitutional violation by invalidating the 2015 government-debt exception and severing it from the remainder of the statute.").[1]

In support of its motion to dismiss, Defendants argue that the government-debt exception made the entirety of § 227(b)(1)(A)(iii) unconstitutional and unenforceable from 2015, when the TCPA was amended to add the government-

---

[1] Justice Kavanaugh, joined by Chief Justice Roberts and Justice Alito, concluded in Parts I and II that this amendment was unconstitutional because it favored debt-collection speech over political or other speech in violation of the First Amendment. *McCurley v. Royal Sea Cruises*, Inc., No. 17-CV-00986-BAS-AGS, 2021 WL 288164, at *2 (S.D. Cal. Jan. 28, 2021) (citing *AAPC*, 140 S. Ct. at 2342-48). In Part III, these three Justices concluded that the 2015 amendment should be severed, leaving the bulk of the TCPA intact. *Id.* (citing *AAPC* at 2348-56). Justice Sotomayor, who concurred, would have based Parts I and II on a different ground (applying intermediate as opposed to strict scrutiny to the speech) but concurred in the conclusion and in Part III with respect to severability. *Id.* (citing *AAPC* at 2356–57). Justices Breyer, Ginsburg, and Kagan, who dissented in part, disagreed that the amendment violated the First Amendment, but ultimately concurred with Part III finding the amendment severable. *Id.* (citing *AAPC* at 2357-63). Justices Gorsuch and Thomas agreed with Parts I and II that the amendment was unconstitutional but dissented on the issue of severability. *Id.* (citing *AAPC* at 2363-67). Thus, six Justices agreed that, in adding the government-debt exception to the statute in 2015, Congress had impermissibly favored debt-collection speech over political and other speech in violation of the First Amendment and seven Justices agreed that the proper remedy for this constitutional infirmity was to invalidate and sever the government debt exception, leaving the rest of the *TCPA* intact. *Stoutt v. Travis Credit Union*, No. 2:20-CV-01280 WBS AC, 2021 WL 99636, at *2 (E.D. Cal. Jan. 12, 2021).

debt exception, to July 6, 2020, the date of the AAPC decision; and that because Plaintiff alleges the calls at issue were from March 2019 to November 2019, the TCPA was unenforceable at the time the calls were made and this Court lacks jurisdiction to enforce any alleged violations under the statute. Defendants rely on recent district court opinions following AAPC that conclude that courts lack subject-matter jurisdiction to hear claims brought under § 227(b)(1)(A)(iii) for telephone calls alleged to have taken place when the statute was unconstitutional and could not be enforced. See *Hussain v. Sullivan Buick-Cadillac-GMC Truck*, Inc., No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536, *3 (M.D. Fla. Dec. 11, 2020) ("federal courts lack subject matter jurisdiction over alleged violations from enactment of the 2015 amendment to the July 6, 2020 decision in AAPC"); *Lindenbaum v. Realty, LLC*, No. 1:19 CV 2862, 2020 WL 6361915, *7 (N.D. Ohio Oct. 29, 2020) ("Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."); *Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117, *2 (E.D. La. Sept. 28, 2020) ("That fact deprives the Court of jurisdiction over much of this action."). (Doc. No. 24 at 1, 5-6).

The Eighth Circuit has not yet addressed this issue. However, the clear majority of cases to consider this issue have allowed parties to continue to bring § 227(b) claims post-AAPC. See *Miles v. Medicredit, Inc.*, No. 4:20-CV-01186 JAR,

5

2021 WL 1060105, at *3 (E.D. Mo. Mar. 18, 2021); *McCurley*, 2021 WL 288164, at *1 (S.D. Cal. Jan. 28, 2021); *Less v. Quest Diagnostics Inc.*, No. 3:20 CV 2546, 2021 WL 266548, at *1 (N.D. Ohio Jan. 26, 2021); *Bonkuri v. Grand Caribbean Cruises, Inc.*, No. 0:20-CV-60638-WPD, 2021 WL 612212, at *1-3 (S.D. Fla. Jan. 19, 2021); *Stoutt*, 2021 WL 99636, at *5; *Trujillo v. Free Energy Savings, Co., LLC*, No. 5:19-cv-02072-MCS-SP, 2020 WL 8184336, at *5 (C.D. Cal. Dec. 21, 2020); *Shen v. Tricolor California Auto Grp.*, LLC, No. CV 20-7419 PA (AGRX), 2020 WL 7705888, at *5 (C.D. Cal. Dec. 17, 2020).; *Abramson v. Federal Insurance Company, Bay Area Health, LLC*, No. 8:19-cv-2523, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020); *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020). The Court finds these decisions persuasive and agrees that Justice Kavanaugh's statement signals the intent of the Supreme Court and what it would hold in future cases and, as such, may not be dismissed by a district court. *McCurley*, 2021 WL 288164, at *3.

**Stay pending a ruling in *Facebook, Inc. v Duguid***

Defendants alternatively seek a stay of this matter pending the Supreme Court's ruling in *Facebook, Inc. v. Duguid.* This motion is denied as moot. The Supreme Court issued its Opinion in *Duguid* on April 1, 2021.

## Conclusion

Based upon the foregoing analysis, the Court concludes that it has subject matter jurisdiction in this case. The decision in *Duguid* by the Supreme Court has rendered Defendants' alternative motion to stay moot.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction, [Doc. No 38], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' alternative motion to stay is **DENIED as moot**.

Dated this 19th  day of April, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE